UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GERTRUDIZ BEJARANO CRUZ, *also known as* GERTRUDEZ BEJARANO CRUZ and GERTRUDIZ RODRIGO BEJARANO CRUZ,<br><br>Petitioner,<br><br>v.<br><br>KANDIYOHI COUNTY JAIL and DEPARTMENT OF HOMELAND SECURITY,<br><br>Respondents. | Civil Action No. 25-cv-13055-IT |

ORDER OF TRANSFER

October 23, 2025

TALWANI, D.J.

Gertrudiz Bejarano Cruz, an immigration detainee in custody at the Kandiyohi County Jail in Willmar, Minnesota, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he alleges that he is being wrongfully denied a bond hearing. Dkt. No. 1. The $5.00 filing fee was paid.

Petitioner challenges a decision by the immigration court in Fort Snelling, Minnesota, finding that the immigration court has no jurisdiction to consider his bond application based upon a recent of the Board of Immigration Appeals in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA Sept. 5, 2025). Pet. at ¶ 6. Petitioner seeks to have this court "order the Immigration Court to conduct a bond hearing so that [he] may have the opportunity to apply for release on reasonable terms so that [he] can effectively continue to pursue [his] immigration applications." Id. at ¶ 15.

The court lacks habeas jurisdiction over this action because Petitioner is not within the territorial jurisdiction of this court. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Accordingly, in the usual case, "in challenges to present physical confinement . . . the immediate custodian . . . is the proper respondent." Id. at 439. In such cases, "[b]y definition, the immediate custodian and the prisoner reside in the same [judicial] district," making "the district of confinement . . . synonymous with the district court that has territorial jurisdiction over the proper respondent." Id. at 444. Thus, "the general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Because Petitioner is not in the District of Massachusetts and there is no basis for a departure from the immediate custodian rule, cf. Ozturk v. Trump, C.A. No. 25-cv-10695-DJC, 2025 WL 1009445, at *5-*8 (D. Mass. Apr. 4, 2025) (discussing exceptions to the immediate custodian rule), the court is without jurisdiction over this action.

Therefore, the court orders that this action be TRANSFERRED to the United States District Court for Minnesota pursuant to 28 U.S.C. § 1631 (providing that where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed").

SO ORDERED.

    /s/ Indira Talwani  
UNITED STATES DISTRICT JUDGE

October 23, 2025